**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| CLIFTON MONROE GRAVES, | § | |
| No.  289286, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | NO. 3:05-CV-0436-G |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge.  The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case:  This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

    Parties:  Petitioner Clifton Monroe Graves ("Graves" or "Petitioner") is confined at the Dalhart Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") at Dalhart, Texas.  Respondent is the Director of the TDCJ-CID.

    Statement of the Case: After a jury trial, Graves was convicted of aggravated rape in cause number F-78-9341-QK.  The jury sentenced him to 60 years in the penitentiary.  On June

18, 1999, after serving 20 years of his sentence, Graves was released to mandatory supervision.[1] (Parole R. 2.)  On April 2, 2003, the Texas Board of Pardons and Paroles ("BPP") revoked Graves' mandatory supervision for failing to abide by three special conditions of release. (Parole R. 2.)  Graves filed a Motion to Reopen Hearing with the BPP on April 8, 2003.  The Board denied the motion on June 23, 2003.  (Parole R. 33-35.)

Graves filed a habeas application pursuant to Texas Code of Criminal Procedure, article 11.07 on February 5, 2004.[2]  *Ex parte Graves*, Appl.  No.  11,499-06 at 2.  His application was denied by the Texas Court of Criminal Appeals without written order on July 7, 2004.  *Ex Parte Graves*, Appl.  No.  11,499-06 at cover.  Graves filed a subsequent 11.07 application on October 21, 2004, which was dismissed by the Texas Court of Criminal Appeals on February 2, 2005, as a subsequent application pursuant to Texas  Code of Criminal Procedure article  11.07, § 4(a)-(c).  *Ex parte Graves*, Appl.  No.  11,499-07 at cover, 2.

Petitioner filed the instant petition on February 18, 2005.[3]  On August 18, 2005, Respondent filed his answer contending that: (1) all claims are procedurally defaulted, (2) all claims are time-barred, (3) one claim is unexhausted, and in the alternative, (4) Petitioner is not entitled to relief on the merits.  Graves filed his traverse on September 12, 2005.

---

[1] Mandatory supervision is a form of supervised release akin to parole.  *See* Tex. Gov't. Code.  Ann. § 508.147(b) (Vernon 2005).

[2] Graves also filed five earlier 11.07 applications challenging various aspects of his trial and the effectiveness of defense counsel.  All five applications were denied.  *Ex parte Graves*, Appl.  No.  11,499-01, *Ex parte Graves*, Appl.  No.  11,499-02,  *Ex parte Graves*, Appl.  No. 11,499-03, *Ex parte Graves*, Appl.  No.  11,499-04, *Ex parte Graves*, Appl.  No. 11,499-05.

[3] Under the "mailbox rule," a prisoner's federal habeas corpus petition is deemed filed when he delivers it to prison officials for mailing to the district court. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir.  1998).  Graves signed his federal habeas petition on February 18, 2005.  It was filed stamped on March 3, 2005.  For the purposes of the recommendation, it is assumed that he placed his § 2254 petition in the prison mail system on the date he signed his petition.

Findings and Conclusions:

In his petition, Graves alleges that: (1) upon release from prison, he was improperly placed on mandatory supervision, (2) his good conduct credits were improperly forfeited at the time he was released on mandatory supervision, (3) the revocation of his good conduct credits and his "street time" credits[4] constitutes double jeopardy, and (4) mandatory supervision is unconstitutional.  Petitioner's allegations in grounds one and two of his petition should be dismissed because they are time-barred.  For the following reasons, Petitioner's claims in grounds three and four are without merit.

Graves filed his § 2254 petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") and it is thus subject to a one year statute of limitations, which begins running upon the latest of four events.  *See* 28 U.S.C. § 2244(d)(1) (1996). Because Graves' claims relate to circumstances surrounding his placement on, and later removal from,  mandatory supervision, the limitations period began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[5]  § 2244(d)(1)(D).  The running of the limitations period is tolled for the time during which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  § 2244(d)(2).

In grounds one and two of his petition Graves argues that Respondent "denied" and "illegally forfeited" the good conduct credits Graves earned while in prison.  Graves argues that,

---

[4]  "Street time" refers to the time an inmate spends released on parole or mandatory supervision.

[5]  A § 2254 habeas petition is the proper vehicle for raising Graves' complaints regarding mandatory supervision. *See generally Rieck v. Cockrell*, 321 F.3d 487 (5th Cir. 2003), *cert. denied*, 538 U.S. 1038, 123 S. Ct. 2083 (2003).

3

upon his release in 1999 on mandatory supervision, he had served his sentence in full and was entitled to release free from any form of state supervision because he had not only served 20 years of actual calendar time but had also accumulated 40 years of good conduct credits. Thus, according to Graves, when Respondent released him subject to state supervision for almost 40 years, Respondent "denied" or "illegally forfeited" his 40 years of accrued good conduct credits.

Graves' arguments in these first two grounds evince a fundamental misunderstanding of Texas law regarding parole and mandatory supervision.[6] Regardless, though, of Graves' confusion regarding his entitlement to unsupervised release, he could have discovered the factual predicate of this claim no later than June 18, 1999, the date on which he was released. On that date, Graves signed a two-page Certificate of Mandatory Supervision where he acknowledged, among other things, that he was being released on mandatory supervision and that the period of supervision would be for a period "equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence." (Parole. R. 10-11.) The document further informed Graves that if he satisfactorily completed mandatory supervision his

---

[6] A Texas prisoner who has not served his full sentence in actual calendar time may be entitled to release under two forms of continued supervision: parole or mandatory supervision. Under Texas parole law applicable at the time Graves committed his offense, Graves was eligible in 1999 for parole–and had been eligible for many years–because his actual calendar time served plus accrued good conduct time equaled one-third of his sentence. *See Ex parte Choice*, 828 S.W.2d 5, 8 (Tex. Crim. App. 1992) (holding that persons convicted of offenses committed prior to September 1, 1987, are eligible for ordinary consideration for parole when they have accrued credit for one-third of their sentence). Additionally, under the Texas mandatory supervision law applicable at the time Graves committed his offense, he was required to be released on mandatory supervision in 1999 because his actual calendar time served plus accrued good conduct time equaled the full term of his sentence. *See Ex parte Retzlaff*, 135 S.W.3d 45, 48 (Tex. Crim. App. 2004) (citing former Tex. Code Crim. Proc. Ann. art. 42.18, § 8(c), which was in effect in 1978). However, both forms of release entail ongoing state supervision. *See* Tex. Gov't Code Ann. § 508.143 (Vernon 2005).

4

discharge date would be October 5, 2038. (Parole R. 10.)  Therefore, as of June 18, 1999, Graves was aware that he was not being unconditionally released, but rather was released on mandatory supervision for a period of 39 years, 3 months, and 17 days.

The limitations period under the AEDPA therefore began to run on June 18, 1999. Because Graves sought no state habeas relief during this one year time period,[7] the limitations period for grounds one and two expired one year later on June 18, 2000. Graves did not file his federal habeas petition until February 18, 2005,[8] well beyond the one year limitations period.

Notwithstanding the untimeliness of his federal petition, the limitations period may be equitably tolled under "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074, 119 S. Ct. 1474 (1999). A "garden variety claim of excusable neglect does not support equitable tolling." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564 (2000) (quoting *Rashidi v. Amer. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). However, Graves has not asserted that he was unable to read or understand the contents of the Certificate of Mandatory Supervision, and has identified no other circumstances that might warrant equitable tolling regarding his claims in grounds one and two. Therefore, the claims made in these grounds are time-barred.

Graves, in grounds three and four of his petition, essentially asserts that he has a protected liberty interest in both his "street time" credits and his accrued good conduct credits.

---

[7] Following revocation of his mandatory supervision release, Graves sought relief in three instances. He filed a Motion to Reopen Hearing on April 8, 2003. (Parole R. 33-36.) Additionally, he filed two 11.07 applications on February 5, 2004 and October 21, 2004. *Ex parte Graves*, Appl. No. 11,499-06 at 2; *Ex parte Graves*, Appl. No. 11,499-07 at 2.

[8] See note 3, *supra*.

In ground three, he argues that he was subject to double jeopardy at the time his mandatory supervision was revoked because he did not receive credit for the time he spent on mandatory supervision. In ground four, he posits a conclusory challenge to the constitutionality of the mandatory supervision statute, again focusing on the forfeiture of his "street time" credits, while also challenging the forfeiture of his good conduct credits after the revocation of his mandatory supervision.[9]

Whether a denial of good conduct credits creates a liberty interest protected by procedural due process is determined by state law. *Richards v. Dretke*, 394 F.3d 291, 293 (5th Cir. 2004). Since 1977, Texas law has provided that good conduct credits are "a privilege and not a right." *Hallmark v. Johnson*, 118 F.3d 1073, 1079 (5th Cir. 1997), *cert. denied*, 522 U.S. 1003, 118. S. Ct. 576 (1997). Based on Texas law, the Fifth Circuit has refused to find a protected constitutional interest in accrued good conduct credits where they are forfeited after a

---

[9] In his answer Respondent contends that these grounds are also barred by limitations. Respondent further argues that Graves failed to exhaust state remedies on the "Double Jeopardy clause" claim asserted in his third ground, that his third and fourth grounds are procedurally barred, and in the alternative, that Graves is not entitled to relief on the merits.

The Court of Criminal Appeals' decision in *Ex parte Evans*, 964 S.W.2d 643, 647 (Tex. Crim. App. 1998), casts some doubt as to whether that court correctly applied article 11.07, section 4, to Petitioner's article 11.07 application filed on October 21, 2004. In *Evans*, the court held that section 4 is limited to those instances in which the initial application raised claims regarding the validity of the prosecution or the judgment of guilt. None of Graves' collateral proceedings in state court attacked either aspect of his original conviction. *Evans* also casts significant doubt on Respondent's argument that any further attempt to present unexhausted claims in state proceedings would be procedurally barred. *See, e.g., Fuller v. Johnson*, 158 F.3d 903, 906 (5th Cir. 1998).

Although it is clear that a federal court cannot grant relief on an unexhausted ground, it is equally clear that a court is not barred from denying relief on an unexhausted ground. See 28 U.S.C. s 2254(b)(1)- (b)(2). In the present case, it is clear that Graves is not entitled to relief on any of the bases alleged in his third and fourth grounds. Therefore, the court need not address Respondent's limitations arguments in response to these grounds, nor the procedural defenses asserted.

revocation of parole or mandatory supervision.  *See id.* at 1079-80.  Likewise, since at least 1965, Texas law has permitted the BPP to forfeit an inmate's "street time" credits upon revocation of parole.  *See Thompson v. Cockrell*, 263 F.3d 423, 426 (5th Cir. 2001).  The Fifth Circuit has held that this Texas law "does not raise constitutional concerns." *Id*.  Thus, because Graves has not shown that he has a constitutionally protected interest in either his "street time" credits or his accrued good conduct credits, he has failed to demonstrate that he is confined in violation of the United States Constitution or the laws or treaties of the United States.  *See* § 2254(a).  Therefore, the claims made in grounds three and four are without merit.

RECOMMENDATION:

For the foregoing reasons it is recommended that the district court dismiss the petition because the claims made in grounds one and two are time-barred and the claims made in grounds three and four are without merit.

A copy of this recommendation shall be transmitted to the Petitioner and to counsel for Respondent.

Signed this 25th day of October, 2005

*Wm. F. Sanderson, Jr.*
Wm.  F.  Sanderson, Jr.
UNITED STATES MAGISTRATE JUDGE

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.